**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

AMIR BAHRAMIAN,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden,
Otay Mesa Detention Center; et al.,

Respondents.

Case No.:  26cv2053 DMS JLB

**ORDER GRANTING PETITION**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  Respondents filed a response, (Resp., ECF No. 4), and Petitioner filed a traverse, (ECF No. 5).  For the following reasons, the Court grants the Petition.

## I.   BACKGROUND

Petitioner, a citizen and national of Iran, entered the United States without inspection on or about November 23, 2022.  (Pet. ¶¶ 20–21.)  Petitioner was apprehended by Border Patrol the next day.  (*Id.* ¶ 22.)  He was detained for four days before being released on his own recognizance.  (*Id.*)  Petitioner was placed in removal proceedings.  (*Id.* ¶ 24.)  He also applied for asylum, withholding of removal, and Convention Against Torture ("CAT") protection.  (*Id.* ¶ 26.)  While released on his own recognizance, Petitioner had no check-

1

in or reporting obligations. (*Id.* ¶ 25.) He remained fully law-abiding and employed and attended all of his Immigration Court hearings. (*Id.* ¶¶ 25, 28, 29.) On March 2, 2026, during an individual calendar hearing, an immigration judge ("IJ") denied Petitioner's applications for asylum, withholding of removal, and CAT protection and ordered him removed. (*Id.* ¶ 31.) Immigration and Customs Enforcement then revoked Petitioner's prior release and re-detained him, without notice, a written explanation of any change in circumstances, or an opportunity to determine whether Petitioner is a flight risk or dangerous. (*See id.* ¶ 32.) Still no bond hearing or custody determination has been provided. (*Id.*) Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which remains pending. (*Id.* ¶ 35.)

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in her petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.   DISCUSSION

When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner "invokes the most significant liberty interest there is—the interest in being free from imprisonment." *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted). Here, Petitioner was paroled when

he was re-detained and, therefore, had a liberty interest. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). This factor weighs in Petitioner's favor.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, Petitioner contends he was re-detained after an individual calendar hearing, without notice or an individualized determination. Respondents concede that Petitioner was "previously released on conditional parole issued under 8 U.S.C. § 1226(a)," (Resp. 2), but do not argue that his parole was formally revoked. Based on this record, the Court finds Petitioner was re-detained without notice or an individualized determination. Accordingly, the second factor—the risk of an erroneous deprivation of such interest through the procedures used—weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). However, when the Government previously decided to release a noncitizen and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, Petitioner contends that he has no criminal record and has not violated any of the conditions of his parole. Respondents do not state otherwise and provide no evidence to the contrary. While 8 U.S.C. § 1231 requires the detention of a noncitizen upon a final order of removal, 8 U.S.C. § 1231, Petitioner is not subject to a final order of removal while his appeal of the IJ's order is pending at the BIA. *Mohan v. Holder*, No. 11-CV-956, 2011 WL 5439001, at

*1 (S.D. Cal. Nov. 7, 2011). Further, Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1231. Thus, Respondents have not shown they have a strong interest in re-detaining Petitioner. "While the government has an interest in enforcing immigration laws . . . it must pursue that interest 'in a manner consistent with the Constitution.'" *Munoz Materano*, 804 F. Supp. 3d at 420 (citation omitted). Thus, this factor also weighs in Petitioner's favor. Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his due process rights. Accordingly, the Petition is **GRANTED**. The Court **ORDERS** Petitioner's immediate release.[1]

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition. Respondents shall release Petitioner within **24 hours**, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention. Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

**IT IS SO ORDERED.**

Dated: April 24, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] In light of this determination, the Court declines to consider Petitioner's other claims for relief.

26cv2053 DMS JLB